

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2002

# Mendelsohn v. Comm Social Security

Precedential or Non-Precedential:

Docket No. 01-2401

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Mendelsohn v. Comm Social Security" (2002). *2002 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2401
_____


DAVID MENDELSOHN,
                              Appellant

                    v.

*LARRY G. MASSANARI,
ACTING COMMISSIONER OF SOCIAL SECURITY

        *(Pursuant to F.R.A.P. 42(c))

_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 00-cv-03968
(Honorable Mary A. McLaughlin)
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2002

Before:  SCIRICA and ROSENN, Circuit Judges, and KANE, District Judge*

        (Filed  April 5, 2002)



     *The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.


_____


OPINION OF THE COURT
_____


SCIRICA, Circuit Judge.

     This is an appeal from a denial of social security benefits.  We will affirm.
                              I.
     David Mendelsohn claims a "closed period" of mental and medical disability from May 1990 through April 1999.  He was laid off in 1990 from an medium-exertion and semi-skilled position as area manager for a plumbing company.  His disability insurance coverage expired on December 31, 1995.  As of April 1999, Mendelsohn again began earning a substantial income.
     Mendelsohn claims mental disability stemming from a series of car accidents in the late 1980s.  Mendelsohn's treating psychiatric clinician and psychiatrist opined he was not mentally disabled.  After several months of counseling, his clinician, Kathleen Lacey, concluded Mendelsohn retained adequate social functioning in all areas.  His treating

psychiatrist, Dr. George Buck, concluded Mendelsohn had a global-assessment-of-functioning score of seventy, which is inconsistent with mental disability.  A state agency medical doctor completed a Mental Residual Functional Capacity assessment in November 1995, which concluded Mendelsohn did not demonstrate mental disability and that his mental state did not prohibit him from performing simple work-related tasks.  In March 1997, Dr. Richard Saul evaluated Mendelsohn and his medical records.  He concluded Mendelsohn suffered from an anxiety disorder and had been unable to work since 1990.  Dr. Saul did not explain how he set 1990 as the disability onset date.

After the alleged onset of disability, Mendelsohn first sought medical attention in December 1994.  At that time, Dr. Neil Cohen concluded Mendelsohn required only conservative treatment for an injury sustained while using a Stairmaster machine.  Mendelsohn began seeing Dr. Richard Cautilli, Jr. for back pain in April 1995.  Dr. Cautilli prescribed Motrin and physical therapy.  Mendelsohn reported pain relief.  His physical therapy records indicate improved abdominal and lower back strength.  The state agency's doctor performed a Residual Physical Functional Capacity Assessment, concluding Mendelsohn could occasionally lift 50 pounds and frequently lift 25 pounds, and both stand or sit "about 6 hours in an 8-hour workday."

The acting Commissioner of Social Security determined Mendelsohn was not entitled to disability benefits.  The Administrative Law Judge posed a hypothetical question to a vocational expert: whether there are jobs a claimant like Mendelsohn could hold.  The vocational expert opined such a person could work as a watchman, file clerk, mail clerk, in inside sales, or in the sedentary category.  Based on, inter alia, the expert's answer, the ALJ found no disability.  The Social Security Appeals Council denied Mendelsohn's request for review.  The District Court adopted the Report and Recommendation of the Magistrate Judge and affirmed the ALJ's denial of disability.  Mendelsohn appeals.

II.

We review the Commissioner's final determination to deny disability for substantial evidence.  42 U.S.C.  405(g) (1991).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citations omitted).

Mendelsohn claims the ALJ's decision is not supported by substantial evidence because Dr. Saul concluded he had been unable to work since 1990.  The ALJ discounted Dr. Saul's opinion in light of all the evidence.  See 20 C.F.R.  404.1527(e)(1) (1991) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").  Here, the record as a whole contains substantial evidence supporting the ALJ's finding.

Mendelsohn also claims the ALJ did not fully credit his testimony concerning pain.  But Social Security Administration regulations require some medical signs or laboratory findings.  See 20 C.F.R.  404.1529 (1991).  There was none here that the ALJ found verifiable.  This is supported by objective evidence.

Finally, Mendelsohn claims the ALJ's denial of disability because of his ability to take other jobs in the local, national or regional economy is not supported by substantial evidence.  He contends the hypothetical question posed to the vocational expert should have made reference to Dr. Saul's opinion.  But there is no error in excluding from a hypothetical question information not supported by the record.  Plummer, 186 F.3d at 431.

The ALJ's findings were supported by substantial evidence.  42 U.S.C.  405(g).

III.

For the foregoing reasons, we will affirm the judgment of the District Court.


                                        /s/ Anthony J. Scirica
                                        Circuit Judge


DATED:  April 5, 2002